# CHARLESTON.

G. W. BROYLES v. ELDORA McGRAW et als.

(No. 6003)

Submitted October 21, 1927.    Decided January 24, 1928.

HUSBAND AND WIFE—PARTITION—*Husband's Expenditure on Wife's Property is Presumed Gift; in Partition Between Husband and Wife's Heirs, Proceeds of Property Jointly Owned by Husband and Wife Will be Charged With Unpaid Cost of Improvement Contracted for by Husband and Completed After Wife's Death.*

As a general rule the expenditure of money by a husband on the property of his wife is presumed to be a gift from him to her; but where the husband employs another to improve real property owned jointly by himself and wife without actually paying any of the cost of the improvement, which is begun in the lifetime of the wife (with her knowledge and apparent acquiescence), and completed after her death, and it is not definitely shown what portion of the work was done before her death, upon a partition of the property by sale between the husband and her heirs, the proceeds therefrom will be charged with the entire cost of said improvement.

(Husband and Wife, 30 C. J. § 298; Partition, 30 Cyc. p. 292.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Fayette County.

Suit by G. W. Broyles against Eldora McGraw and others for partition, in which the Mankin Lumber Company filed a petition and answer setting up a judgment against plaintiff. From a decree directing a sale of the land in question and distribution of the proceeds after payment of the judgment of the Mankin Lumber Company, defendants Eldora McGraw and others appeal.

*Affirmed.*

*Hubard & Bacon,* and *Staige Davis,* for appellants.
*Dillon, Mahan & Holt,* for appellee.

LITZ, JUDGE:

By deed dated May 5, 1922, J. F. Penrod and wife conveyed to the plaintiff, G. W. Broyles, and W. V. Broyles, his wife, two adjoining lots of unimproved land in the city of Oak Hill, Fayette County, in consideration of $750.00, paid to the grantors by the said G. W. Broyles. By contract in writing between Mankin Lumber Company, a corporation, and G. W. Broyles, dated February 25, 1924, the former agreed to construct a dwelling house upon each of the lots for the total sum of $4,000.00, and soon thereafter commenced the work. March 17, 1924, Broyles executed a note of $2,000.00 to the lumber company for one-half of the contract price.

W. V. Broyles died intestate April 1, 1924, survived by her husband (G. W. Broyles), and Jesse Broyles, a child of the marriage to him, and Eldora McGraw, Gertrude Campbell, Hester McGraw Davidson, Goldie McGraw, Lorener Stewart, Herbert McGraw and L. L. McGraw, children of a former marriage.

April 21, 1924, G. W. Broyles executed another note of $2,000.00, to the lumber company for the balance of the contract price, the buildings then being practically completed.

This suit was instituted in 1925, by G. W. Broyles against the children of W. V. Broyles, deceased, for the partition of the land by sale and distribution of the proceeds among the parties in interest after payment of the improvements. The lumber company filed its petition and answer in the cause January 19, 1926, pleading a judgment in its favor against G. W. Broyles of $4,051.40 upon said notes; alleging that W. V. Broyles had consented to and approved the action of G. W. Broyles in contracting for and directing the construction of said buildings, and praying that its said judgment be paid out of the proceeds from a sale of the property.

From a decree of the circuit court directing a sale of the land and distribution of the proceeds among the parties in interest, after payment of the judgment of the Mankin Lumber Company, the defendants, Eldora McGraw, Dorcas McGraw, Gertrude Campbell, Hester McGraw Davidson, Goldie McGraw, Lorener McGraw tSewart, Herbert McGraw and

L. L. McGraw, appeal, attacking that part of the decree. which charges the whole property with the cost of the improvements, upon the theory that the portion thereof chargeable to the interest formerly owned by M. V. Broyles was intended as a gift by G. W. Broyles to her. She had knowledge of and apparently acquiesced in the improvement of the property.

It is true that expenditure of money by a husband on the property of his wife, is, ordinarily, presumed to be a gift by him to her; but in view of the interest of the plaintiff in the improvement of the joint property, the fact that he has never actually paid the cost thereof, and the absence of definite evidence as to the amount of work done before her death, we are of the opinion that the rule invoked by appellants should not be applied. There is no claim that the plaintiff intended as a gift to appellants any part of the cost of completing the buildings (after the death of the wife) chargeable to their interest in the land.

The decree of the circuit court is, therefore, affirmed.

*Affirmed.*